UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

KENNETH C. JOHNSON,              )
                                 )
            Petitioner,          )
v.                               )    No. 1:07-cv-0647-LJM-TAB
                                 )
CRAIG HANKS, Warden,             )
                                 )
            Respondent.          )

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, this action must be dismissed without prejudice.

**I.**

Petitioner Kenneth C. Johnson seeks a writ of habeas corpus. He challenges the validity of his conviction of drug offenses in the LaPorte Superior Court No. 2 in No. 46D01-0502-FA-11, for which he was sentenced on March 23, 2006, to an aggregate executed sentence of 25 years, with 10 years suspended. An action for post-conviction relief is pending in the trial court, with Johnson's request for representation by the Indiana Public Defender having been acknowledged by that Office.

Johnson was notified of the statutory exhaustion requirement applicable to inmates presenting challenges such as in the present case and was given a period of time in which to demonstrate whether and how he has complied with that requirement. He has responded by explaining that, because the public defender has placed him at the bottom of the list, his post-conviction action will languish from inordinate delay and this amounts to a circumstance which renders that post-conviction action unavailable or inadequate to protect his rights.

## II.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c). *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues.").

Plainly, Johnson has not done this. He invokes the principle relied on in some cases that "[i]nordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." Jackson v. Duckworth 112 F.3d 878, 881 (7th Cir. 1997)(citing cases). What he fails to recognize, however, is that the delay he anticipates is not being caused by the trial court (or any court), but by the first come, first served, policy of the Indiana Public Defender. By electing to wait in this line for representation, Johnson accepts the anticipated delay in the delivery of legal services which goes with it. This decision, however, is Johnson's, and is not one which the Constitution or the law requires of him. Indeed, nothing in the Constitution either requires him to have representation in a post-conviction challenge to his conviction or entitles him to representation. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). Thus, whether one considers the anticipated delay inordinate or otherwise, it is the result of Johnson's own choice to be represented and is not the result of a judicial barrier or impediment to his right to post-conviction review in the Indiana courts. His explanation for failing to exhaust what is clearly an available and meaningful remedy in the Indiana courts misses the mark.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). That authority is conferred, in this case, by Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Court,* and this is an appropriate case for such disposition because the petition plainly shows on its face that the petitioner is not entitled to the relief he seeks. The supplement to the petition does not alter this disposition.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/08/2007

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana